IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–00602–RM–KMT

LARRY ALLEN THOMPSON,

      Plaintiff,

v.

DEAN WILLIAMS, Executive Dir., CDOC,
CHARLES A. KUDLAUSKAS, BVCF Medical Provider,
HEATHER W. DAMON, BVCF Medical Provider,
KATHLEEN I. BOYD, CSP Medical Provider, and
LINDA PARO, CDOC Off-Site Med. Appt. Scheduler,

      Defendants.

---

## ORDER

---

Before the court is "Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b)."[1]  (["Motion"], Doc. No. 19.)  No response has been filed to the Motion, and the time to do so has lapsed.  After carefully considering the Motion, as well as related briefing, the court has determined that the interests of justice do not warrant the appointment of civil counsel.

The determination as to whether to appoint counsel in a civil case is left to the sound discretion of the district court.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  The

---

[1] Thompson simultaneously filed this identical motion in another pending lawsuit.  *See* Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b), *Thompson v. Lengerich*, No. 1:18-cv-00588-RM-KMT (D. Colo. Jun. 1, 2021), ECF No. 99.

court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel." *Id.* (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  Those factors include: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy*, 753 F.2d at 838).  "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (quoting *McCarthy*, 753 F.2d at 839).

Pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado-Attorney, the following unrepresented parties are eligible for the appointment of *pro bono* counsel: (1) a party who has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) an unrepresented prisoner; and (3) a non-prisoner, unrepresented party who demonstrates limited financial means.  D.C.COLO.LAttyR 15(e).  In addition to eligibility, the court applies the following factors and considerations to evaluate a motion for the appointment of counsel in a civil case: (1) the nature and complexity of the action; (2) the potential merit of the *pro se* party's claims; (3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and (4) the degree to which the interests of justice will be served by the appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel.  D.C.COLO.LAttyR 15(f)(1)(B).

*Pro se* Plaintiff Larry Allen Thompson,[2] an inmate in the custody of the Colorado

Department of Corrections ["CDOC"], brings this action under 42 U.S.C. § 1983, asserting

violations of his Eighth Amendment rights by six CDOC officials and employees, Defendants

Charles A. Kudlauskas, Heather W. Damon, Kathleen I. Boyd, Linda Paro, and Dean Williams,

as well as two other as-yet unnamed individuals.  (["Amended Complaint"], Doc. No. 12.)

Plaintiff alleges, specifically, that while he was confined at the CDOC's Buena Vista

Correctional Facility, Defendants failed to provide him with adequate medical care, and

otherwise acted with deliberate indifference to his serious medical needs.  (*Id.* at 6-12.)  Plaintiff

lodges his claims against Defendants Kudlauskas, Damon, Boyd, and Paro, in their official and

personal capacities, and against Defendant Williams, in his official capacity only.   (*Id.* at 3-5.)

In his operative pleading, Plaintiff requests various forms of injunctive relief, as well as

monetary damages.  (*Id.* at 15-16.)

   After filing his Amended Complaint, on June 1, 2021, Plaintiff filed the present Motion,

as well as a motion to compel the named Defendants "to disclose to the U.S. Marshal service

pertinent discoverable information," so as to effectuate service of the two unnamed Defendants.

(Doc. No. 18.)  Roughly six weeks later, on July 16, 2021, the named Defendants responded to

Plaintiff's allegations by filing a motion to dismiss the Amended Complaint, pursuant to Federal

Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (Doc. No. 21.)  On July 19, 2021, the named

---

[2] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

Defendants filed a motion to stay the case, pending resolution of their previously-filed motion to dismiss.  (Doc. No. 24.)  Plaintiff then filed timely responses to Defendants' motions, both of which are now fully briefed and remain pending.  (Doc. Nos. 27-30.)  The claims set forth in the Amended Complaint are neither novel, nor complex, and as evidenced by the progression of this litigation, Plaintiff has relayed the substance of his claims effectively thus far.

In support of his request for counsel, Plaintiff states that he "lacks the monetary resources with which to retain competent representation," and he directs the court to evidence of his "several attempts to secure the pro bono services of a qualified attorney." (Mot. 3.)  Plaintiff states that this case involves "Medical and Mental Health issues," which he argues "will more likely than not require Expert Witness testimony." (*Id.*)  He argues that he "lacks ligitative [sic] experience to competently conduct the basic, yet necessary processes such as Discovery; Depositions; Interrogatories; and the serving of subpoenas," and he claims that he lacks the "wherewithal and/or resources with which to obtain expert witnesses." (*Id.* at 3-4.)  Plaintiff laments that he has "has no education and/or training in the field and practice of law," and thus, is "outnumbered and overmatched" as against Defendants, who "are represented by highly educated, trained, and experienced litigators from the State's Attorney's General office." (*Id.* at 4.)  Thompson is adamant that, "unlike many of the jailhouse/prison pro se litigants who habitually disrespect and waste[] this Court's time & resources with petty and/or frivolous lawsuits," his case involves "Relevant, Non-Frivolous & Meritorious Constitutional claims and issues," which he argues "deserve to be competently presented to the Court" by an appointed attorney. (*Id.* at 6.)  Plaintiff argues that, given his "layman's understanding and sixth grade education," he is "not qualified to represent himself in these matters." (*Id.*)  However, based on

Plaintiff's relative success thus far in proceeding with his case, as well as the clear and concise manner with which he has articulated his various points of contention throughout this litigation, the court finds these arguments to be unavailing.  Further, while Plaintiff does attempt to address each of the aforementioned factors set forth in Local Attorney Rule 15(f)(1)(B), the court nevertheless does not find the facts and circumstances to warrant the appointment of counsel here.  *See* D.C.COLO.LAttyR 15(f)(1)(B).

Although Plaintiff has expressed concern about his ability to litigate this case while incarcerated, his inmate status alone does not entitle him to appointed counsel.  *See Williams v. Ezell*, 534 F. App'x 699, 703 (10th Cir. 2013); *Griffin v. Ortiz*, 286 F. App'x 538, 541 (10th Cir. 2008).  In addition, the court does not see any benefit that it may derive from the assistance of appointed counsel.  Moreover, Plaintiff has already filed timely responses to Defendants' respective motions to dismiss and to stay discovery, both of which remain pending.  (*See* Doc. Nos. 27-28.)  As such, the parties' outstanding obligations are limited.  On balance, therefore, the court cannot conclude that the interests of justices would be served by the appointment of *pro bono* counsel.

Accordingly, it is

**ORDERED** that the "Plaintiff's Motion for the Appointment of Qualified Counsel Pursuant to D.C.COLO.LCivR 7.1(b)(1) & D.C.COLO.LAttyR 15(e)(1)(b)" (Doc. No. 19) is **DENIED**.

Dated this 1st day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge