IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–00602–RM–KMT

LARRY ALLEN THOMPSON,

      Plaintiff,

v.

DEAN WILLIAMS, Executive Dir., CDOC,
CHARLES A. KUDLAUSKAS, BVCF Medical Provider,
HEATHER W. DAMON, BVCF Medical Provider,
KATHLEEN I. BOYD, CSP Medical Provider, and
LINDA PARO, CDOC Off-Site Med. Appt. Scheduler John/Jane Does BVCF Medical, CDOC Medical,

      Defendants.

---

# ORDER

---

      Before the court is Plaintiff's "Motion to Compel Limited Discovery Pursuant to Fed. R. Civ. P. 26(a)(1)(i)," as well as a "Motion for Stay," filed by Defendants Dean Williams, Charles A. Kudlauskas, Kathleen I. Boyd, and Linda Paro [collectively, "the CDOC Defendants"]. (["Plaintiff's Motion"], Doc. No. 18; ["Defendants' Motion"], Doc. No. 24.)  Plaintiff and the CDOC Defendants have each filed responses in opposition to the competing motions. (["Defendants' Response"], Doc. No. 26; ["Plaintiff's Response"], Doc. No. 28.)  In addition, the CDOC Defendants have filed a reply in support of their motion.  (["Defendants' Reply"], Doc. No. 30.)  No reply has been filed as to Plaintiff's motion, and the time to do so has lapsed.  For

the following reasons, the CDOC Defendants' motion is GRANTED, and Plaintiff's motion is DENIED.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Larry Allen Thompson ["Mr. Thompson," or "Plaintiff"],[1] an inmate in the custody of the Colorado Department of Corrections ["CDOC"], brings this action under 42 U.S.C. § 1983, asserting violations of his Eighth Amendment rights by seven CDOC employees and/or contractors: (1) Dean Williams, (2) Charles A. Kudlauskas, (3) Heather W. Damon, (4) Kathleen I. Boyd, (5) Linda Paro, (6) "John/Jane Doe, BVCF Medical Appt. Scheduler," and (7) "John/Jane Doe, CDOC Chief Medical Administrator." (["Amended Complaint"], Doc. No. 12.) Plaintiff alleges, specifically, that while he was confined at the CDOC's Buena Vista Correctional Facility ["BVCF"], Defendants failed to provide him with adequate medical care, and otherwise acted with deliberate indifference to his serious medical needs. (*Id.* at 6-12.) Mr. Thompson lodges his claims against Dean Williams, in his official capacity only, and against the remaining Defendants, in both their official and individual capacities. (*Id.* at 3-5.) In his operative pleading, Plaintiff requests various forms of injunctive relief, as well as monetary damages. (*Id.* at 15-16.)

On May 18, 2021, the Clerk mailed copies of the Amended Complaint and waiver of service forms to the CDOC for service of process on each of the seven Defendants, both named and unnamed. (Doc. No. 16.) Later that same day, the CDOC's Office of Legal Services

---

[1] Mindful of Plaintiff's *pro se* status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").

returned a waiver of service form, which was executed as to Dean Williams, Charles

Kudlauskas, Kathleen Boyd, and Linda Paro, but unexecuted as to Heather Damon and the two

"John/Jane Doe" individuals.  (Doc. No. 17.)  The returned waiver of service form explained that

"HEATHER DAMON is not a [C]DOC employee, she provided contractual clinical services,"

and further stated that "JOHN/JANE DOE BVCF MEDICAL APPOINTMENT SCHEDULER

& JOHN/JANE DOE CHIEF MEDICAL ADMINISTRATOR could not be identified as current

[C]DOC employees."  (*Id.*)

On June 1, 2021, Plaintiff filed a motion to compel the CDOC Defendants (*i.e.,*

Defendants Williams, Kudlauskas, Boyd, and Paro) to "disclose" to the United States Marshals

Service "pertinent discoverable information pursuant to Fed. R. Civ. P. 26(a)(1)(i) which is

necessary to perfect service of process in this action."  (Pl.'s Mot. 1.)  Specifically, Plaintiff asks

those Defendants to identify Heather Damon's employer, as well as to provide the address at

which service of Ms. Damon can be accomplished.  (*Id.* at 1-2.)  In addition, Plaintiff demands

that the CDOC Defendants "provide the identity" of "John/Jane Doe, BVCF Medical Appt.

Scheduler."  (*Id.* at 2.)  Plaintiff argues that such information is "required based on the fact that

this individual failed in their 'gatekeeper role,'" by neglecting to "process" his "Request for Sick

Call," which he submitted on April 9, 2019.  (*Id.*)  Finally, in his motion, Plaintiff reports that he

"has been informed" that the "Jane/John Doe, CDOC Chief Medical Administrator" is, in

actuality, a "Dr. Maul."  (*Id.*)  Plaintiff asks that the court "compel summons to be served upon"

Dr. Maul "as soon as possible."  (*Id.*)

Roughly six weeks after Plaintiff filed his motion to compel limited discovery, on July

16, 2021, the CDOC Defendants filed a motion to dismiss the Amended Complaint, in its

entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and on July 19,

2021, those same Defendants filed a motion to stay the case, pending resolution of their motion

to dismiss.  (Doc. No. 21; Defs.' Mot. 1.)  The CDOC Defendants argue that a discovery stay is

appropriate here, because their motion to dismiss invokes qualified immunity to certain of

Plaintiff's claims.  (Defs.' Mot. 2 ¶ 3.)  In addition, the CDOC Defendants argue that the

information requested by Plaintiff in his previously filed motion to compel limited discovery "is

not relevant" to this case.  (Defs.' Resp. 4.)

## ANALYSIS

### I.  Plaintiff's Motion to Compel Limited Discovery

Plaintiff moves to compel the CDOC Defendants to disclose certain "pertinent

discoverable information" that he contends is necessary to effectuate service upon Defendants

Heather W. Damon, "John/Jane Doe, BVCF Medical Appt. Scheduler," and "John/Jane Doe,

CDOC Chief Medical Administrator."  (Pl.'s Mot. 1-2.)

#### A.  Heather Damon

Mr. Thompson asks, first, that the CDOC Defendants provide him with the name and

address of Heather W. Damon's employer.  (*Id.* at 1-2 ¶ 3.)  In their briefing relating to the

motion to stay, the CDOC Defendants report that, upon their information and belief, Ms. Damon

"was employed via the Locum Tenens Agency, 2575 Northwinds Pkwy, Alpharetta, GA 30009;

800-930-0748."  (Defs.' Reply 4.)  The CDOC Defendants aver that they possess "no further

contact information related to Ms. Damon."  (*Id.*)

To the extent that Mr. Thompson seeks to obtain information from the CDOC Defendants

relating to Ms. Damon's employer's name and address, the request is denied as moot.

### B. John/Jane Doe, CDOC Chief Medical Administrator

As to "John/Jane Doe, CDOC Chief Medical Administrator," Plaintiff states that, since filing this lawsuit, he "has been informed that the CDOC's Chief Medical Administrator's name is Dr. Maul." (Pl.'s Mot. 2 ¶ 5.) Plaintiff asks the court "to compel summons to be served upon him/her through the Legal Access & Litigation Manager, Ms. Teresa Reynolds as soon as possible." (*Id.*) As the CDOC Defendants correctly point out, given that Plaintiff is already in possession of this individual's name and job title, "[n]o further discovery is [] necessary in order to effect service upon Dr. Maul at CDOC." (Defs.' Resp. 7.)

To the extent that Plaintiff is asking that service of Dr. Maul be completed by the United States Marshals Service, Plaintiff is not proceeding *in forma pauperis* ["IFP"], and thus, the decision whether to order such service is left to the sound discretion of the court. *Palmer v. City & Cnty. of Denver*, No. 18-cv-01003-REB-STV, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019) (quoting *York v. Fed. Bureau of Prisons*, No. 07-cv-01297-EWN-KLM, 2008 WL 2410416, at *2 n.1 (D. Colo. June 11, 2008)); *accord* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."). As a non-IFP litigant, Mr. Thompson "is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." Fed. R. Civ. P. 4(c), advisory committee notes to 1981 amendments, 93 F.R.D. 255, 262 (1981); *accord Palmer*, 2019 WL 1118025, at *2. It is well-settled that a non-IFP litigant must "justify entry of an Order requiring the Marshal's Service to serve . . . defendants," and "court orders directing service by marshal should not be issued unless they are really necessary." *York*, 2008 WL 2410416, at *2. Here, Plaintiff has failed to demonstrate such

necessity.  Further, even if such service was to be ordered, Mr. Thompson would still be

"responsible for payment of the cost of service, including any reasonable steps taken by the

[Marshals] to locate the defendants for the purpose of effecting service of summons."  *Palmer*,

2019 WL 1118025, at *2 (quoting *Bloom v. McPherson*, No. 07-3258-SAC, 2010 WL 2025228,

at *2 (D. Kan. May 20, 2010)).  Notably, the burden lies with Mr. Thompson, not with the

CDOC Defendants, "to provide sufficient identifying information for the U.S. Marshal to serve

the recently-named defendant[]."  *See York*, 2008 WL 2410416, at *2 (holding that a non-IFP

inmate litigant failed to justify the entry of a court order requiring the Federal Bureau of Prisons

to submit addresses at which the United States Marshals Service could serve recently-named

defendants, and making clear that the inmate must first "make reasonable efforts to locate and

serve the recently-named defendants" and "describe *in detail* his reasonable attempts to locate

them through private means") (emphasis in original); *see also Custard v. Balsick*, No. 15-cv-

2221-REB-CBS, 2017 WL 131799, at *4 (D. Colo. Jan. 13, 2017) ("Plaintiff appears to believe

that it is the court's obligation to identify unnamed John Doe defendants.  It is not.").

    For those reasons, Plaintiff's motion to compel limited discovery relating to the name and

identity of "John/Jane Doe, CDOC Chief Medical Administrator" is denied.

### C. *John/Jane Doe, BVCF Medical Appt. Scheduler*

    Finally, Plaintiff seeks information relating to the true identify of "John/Jane Doe, BVCF

Medical Appt. Scheduler."  (Pl.'s Mot. 2 ¶ 4.)  Plaintiff argues that this information is "required"

for him to proceed with his present lawsuit.  (*Id.*)  Mr. Thompson contends, specifically, that

"John/Jane Doe, BVCF Medical Appt. Scheduler" failed to appropriately "process" his "sick call

kite" on April 9, 2019, and instead, "allow[ed] an entire month to elapse" before finally

"acknowledg[ing]" its receipt on May 9, 2019.  (*Id.*)  The CDOC Defendants argue that Plaintiff's attempts to learn the identity of "John/Jane Doe, BVCF Medical Appt. Scheduler" are "pointless," because any potential § 1983 claims against that individual would be barred by the applicable statute of limitations.  (Defs.' Resp. 4-7.)  The court agrees.

"A hodgepodge of state and federal law governs the timeliness of claims under 42 U.S.C. § 1983."  *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  Federal law determines "the date on which the claim accrues and the limitations period starts to run."  *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).  But the length of the limitations period "is drawn from the personal-injury statute of the state in which the federal district court sits."  *Id.* (citation omitted).  State law also "governs any tolling of that period, except that federal law might also allow additional equitable tolling in rare circumstances."  *Id.* (citations omitted).

The governing statute of limitations for § 1983 claims in Colorado, the forum state here, is two years.  *See* Colo. Rev. Stat. § 13-80-102(1)(g) ("All actions upon liability created by federal statute where no period of limitation is provided in said federal statute" and "regardless of the theory upon which suit is brought . . . shall be commenced within two years."); *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102(1)(g) to § 1983 claims); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("We have made clear that the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.").  Under federal law, "claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004) (alterations, citation, and internal quotation marks omitted).  Because the

"injury" in a § 1983 action "is the violation of a constitutional right," a § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citations omitted); *accord Fogle*, 435 F.3d at 1258 (stating that a § 1983 claim "accrues when facts that would support a cause of action are or should be apparent").

In his Amended Complaint, Mr. Thompson alleges that "John/Jane Doe, BVCF Medical Appt. Scheduler" failed to adequately and timely process his "Request for Sick Call," which Mr. Thompson claims to have submitted on April 9, 2019. (Am. Compl. 7 ¶¶ 5-7; *see* Pl.'s Mot. 2 ¶ 4.). Plaintiff complains that this unnamed individual, instead, waited until May 9, 2019 to acknowledge receipt of his "kite," and to forward it to the appropriate BVCF medical provider, who then examined Plaintiff on May 17, 2019, which was "38 days after [he initially sought] medical attention." (Am. Compl. ¶¶ 6-8.) According to the Amended Complaint, "[t]he 30 day delay, from the date the request for medical assistance was submitted to the date that it was received in the BVCF dispensary . . . is totally inexcusable; was completely unnecessary; and[] was seriously & substantially harmful to Mr. Thompson who now has a 'permanent injury' as confirmed by two (2) orthopedic specialists." (*Id.* at ¶ 7.)

Based on these allegations, Plaintiff knew or should have known about any alleged delay in processing his "Request for Sick Call," between April 9, 2019 and May 17, 2019, meaning that any § 1983 claim against "John/Jane Doe, BVCF Medical Appt. Scheduler" arising from these events began to accrue, no later than May 17, 2019. *Alexander*, 382 F.3d at 1215. Under the applicable statute of limitations, the deadline to file § 1983 claims based on these events was May 17, 2021. *Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). As such, any future

attempt by Plaintiff to substitute a named defendant for "John/Jane Doe, BVCF Medical Appt. Scheduler" would result in a time-barred claim.  Therefore, the true identity of "John/Jane Doe, BVCF Medical Appt. Scheduler" is, at this stage of the litigation, irrelevant.

Importantly, while Mr. Thompson commenced this action on March 1, 2021, the timeliness of his initial pleading still would not save his claim, because any attempted substitution of a named defendant for "John/Jane Doe, BVCF Medical Appt. Scheduler" would not "relate back" to the date of the original complaint.  *See* Fed. R. Civ. P. 15(c) (setting forth the requirements for an amendment to "relate back" to the date of the original pleading).  "It is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  *Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (quoting *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999)) (alteration omitted); *see also Martinez v. Gabriel*, No. 10-cv-02079-CMA-MJW, 2012 WL 1719767, at *2 (D. Colo. May 15, 2012) ("Filing a complaint against nameless defendants is not a mechanism by which the plaintiff receives extra time to discover the John Doe identities.").  The Federal Rules of Civil Procedure allow an amendment changing the name of a party to "relate back to the original complaint," only if the change is the result of a "formal defect," such as "a misnomer or misidentification."  *Garrett*, 362 F.3d at 696-97 (citing Fed. R. Civ. P. 15(c)(3), advisory committee notes to 1991 amendment); *see* Fed. R. Civ. P. 15(c)(1)(C)(ii).  Here, there are no facts to suggest that Plaintiff's failure to name "John/Jane Doe, BVCF Medical Appt. Scheduler" in his initial pleading was for any reason other than his lack of knowledge as to that individual's identity.  "As a matter of law, a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the

proper party' within the meaning of Rule 15(c)(3)(B)." *Garrett*, 362 F.3d at 696 ("A plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address."); *see also Hughes v. Colo. Dep't of Corrs*, 594 F. Supp. 2d 1226, 1237 (D. Colo. 2009) ("replacing an unknown defendant on the basis of new information is not a 'mistake concerning the proper party's identity'").  Thus, Mr. Thompson cannot avoid the statute of limitations bar, simply by later replacing "John/Jane Doe, BVCF Medical Appt. Scheduler" with a specifically named defendant.  *Garrett*, 362 F.3d at 696-97; *see Bell v. City of Topeka, Kan.*, 279 F. App'x 689, 692 (10th Cir. 2008) (affirming the denial of a motion to amend to substitute a named defendant for an unnamed "John Doe," where "there was no mistake concerning the identity of the original officers in th[e] case"); *Mwangi v. Norman*, No. 16-cv-00002-CMA-NYW, 2016 WL 7223270, at *6 (D. Colo. Dec. 13, 2016) (holding that a plaintiff's attempted substitution of "Officer Talty" for "Deputy X" did not relate back to the date of the original complaint, where the plaintiff "d[id] not contend that he believed an officer other than Talty (or Deputy X) was liable for the alleged violations, he simply was unable to identify Deputy X as Officer Talty before April 2016").

Nor has Plaintiff offered any facts to suggest "extraordinary circumstances" which might justify the equitable tolling of his claim under Colorado law.  *Braxton*, 614 F.3d at 1161 (setting forth the requirements for equitable tolling); *accord Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996).  Indeed, in his briefing, Plaintiff fails to address the CDOC Defendants' arguments as to this issue, at all.  (Pl.'s Resp. 1-2.)  Further, as the CDOC Defendants point out, Plaintiff did not even attempt to learn the identity of "John/Jane Doe,

BVCF Medical Appt. Scheduler" until three weeks *after* the applicable limitations period had already expired.  (Defs.' Resp. 6-7.)

On this record, then, the court finds no basis to compel discovery relating to the identity of "John/Jane Doe, BVCF Medical Appt. Scheduler."  Accordingly, Plaintiff's request to do so is denied.

## II.  *The CDOC Defendants' Motion to Stay*

The court next considers the CDOC Defendants' motion to stay discovery in this case, pending resolution of their previously filed motion to dismiss.  (Defs.' Mot. 1; *see* Doc. No. 21.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored.  *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court.  *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action."  *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, Plaintiff argues only that the CDOC Defendants "are intentionally hindering" his "ability to fully litigate this case," by "fail[ing] to disclose the identity of the John/Jane Doe" individuals named in his Amended Complaint.  (Pl.'s Resp. 2 ¶ 4.)  However, as discussed *supra*, the court finds no basis to compel discovery with respect to the unnamed defendants' identities.  The CDOC Defendants, for their part, concede that Plaintiff "likely has an interest in proceeding expeditiously," though they insist that "there is no apparent reason why his ability to conduct discovery would be affected by a brief delay."  (Defs.' Mot. 4 ¶ 11.)

As to this factor, although the CDOC Defendants dispute the extent to which a discovery stay would actually affect Mr. Thompson's ability to proceed expeditiously with his case, there is no question that Mr. Thompson possesses such an interest. *See Chavez v. Young Am. Ins. Co.*, No. 06-CV-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months").

As to the second factor, the CDOC Defendants argue that they would be unduly burdened by moving forward with discovery, because they would be unnecessarily "distract[ed] from the performance of their official duties." (Defs.' Mot. 3 ¶ 8.) In making that argument, the CDOC Defendants stress that they have asserted qualified immunity with respect to certain of Plaintiff's claims. (*Id.* at 4 ¶ 12; *see* Doc. No. 21 at 14-17.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be

13

avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)).  Here, Plaintiff has made no such demonstration.

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery."  *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  Indeed, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against official capacity claims, and it does not apply to claims for injunctive relief.  *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)).  In this case, Plaintiff lodges both individual and official capacity claims, and he has requested injunctive relief, in addition to monetary damages.  (Am. Compl. 3-5, 16.)  However, there is no question that allowing limited discovery to proceed as to the official capacity claims, or as to the individual capacity claims for injunctive relief, would effectively rob Defendants of their qualified immunity defenses.  Indeed, in this case, it would be particularly difficult to distinguish between discovery related to claims that may be subject to qualified immunity, and those that are not.  For instance, Plaintiff's Eighth Amendment claims for injunctive relief, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to his Eighth Amendment claims for monetary damages, which potentially would be subject to qualified immunity.  Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation," such a scenario would be inappropriate.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985)).  Accordingly, the second factor supports the imposition of a stay.  *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay.  Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward.  The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution.  Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Motion for Stay" (Doc. No. 24) is **GRANTED**.  Discovery in this matter is **STAYED** pending a final ruling on the "Motion to Dismiss Amended Complaint Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (Doc. No. 21). The parties shall file a joint status report within ten days of a ruling on the motion to dismiss, if any portion of the case remains, to advise whether a preliminary scheduling conference should be set.  It is further

**ORDERED** that the "Motion to Compel Limited Discovery Pursuant to Fed. R. Civ. P. 26(a)(1)(i)" (Doc. No. 18) is **DENIED**.

Dated this 12th day of October, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge