IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-00602-RM-KLM

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

DEAN WILLIAMS, in his official capacity,
CHARLES A. KUDLAUSKAS, in his individual and official capacities,
HEATHER W. DAMON, in his individual and official capacities,
KATHLEEN I. BOYD, in her individual and official capacities,
LINDA PARO, in her individual and official capacities,
JOHN/JANE DOE, medical appointment scheduler, in his/her individual and official capacities, and
JOHN/JANE DOE, CDOC chief medical administrator, in his/her individual and official capacities,

    Defendants.

## ORDER

This prisoner civil rights case is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 53) to grant in part and deny in part the Motion to Dismiss by Defendants Williams, Kudlauskas, Boyd, and Paro (ECF No. 21).[1] Plaintiff has filed Objections to the Recommendation. (ECF No. 60.) For the reasons below, the Court overrules the Objections and adopts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] The subsequently filed Motion to Dismiss by Defendant Damon (ECF No. 47) has been referred to the magistrate judge for a recommendation and remains pending.

## I. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Dismissal under Fed. R. Civ. P. 12(b)(1)

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

### C. Dismissal under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*,

613 F.3d 995, 1000 (10th Cir. 2010).  The complaint must allege a "plausible" right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### D. Treatment of a Pro Se Plaintiff's Pleadings

The Court liberally construes Plaintiff's pro se pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on his behalf.  *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).  The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff is a state prisoner in the custody of the Colorado Department of Corrections ("CDOC") who proceeds pro se.  For present purposes, the allegations in the Amended Complaint (ECF No. 12) are construed liberally and, if not conclusory, accepted as true.  Plaintiff alleges, generally, that Defendants provided inadequate medical treatment in violation of his Eighth Amendment rights after he injured his left wrist in April 2019 while playing handball.  As pertinent here, Plaintiff asserts claims for injunctive relief against Defendant Williams, in his official capacity as the executive director of the CDOC, as well as claims for

damages against Defendants Kudlauskas, Boyd, and Paro, in their individual and official capacities.

### III. ANALYSIS

To establish a claim for inadequate medical care under § 1983, an inmate must establish that prison officials were deliberately indifferent to his serious medical needs. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). "Deliberate indifference" involves both an objective and a subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). To satisfy the objective component, a medical need must be either sufficiently serious that it has been diagnosed by a physician as mandating treatment or so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Oxendine*, 241 F.3d at 1276. To satisfy the subjective component, the plaintiff must show that the prison official knew of and disregarded an excessive risk to his health or safety by failing to take reasonable measures to abate it. *Id.*; *Sealock*, 218 F.3d at 1209. For claims involving failure to treat a serious medical condition properly, a medical professional's mere negligence in diagnosing or treating the condition does not constitute deliberate indifference. *Sealock*, 218 F.3d at 1211 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).

#### A. Claims Against Defendants Kudlauskas, Boyd, and Paro

The magistrate judge first determined that Plaintiff's claims against these Defendants in their official capacities were barred by the Eleventh Amendment and should be dismissed without prejudice. Plaintiff does not object on this point, and the Court discerns no error with respect to the magistrate judge's analysis and conclusion.

The magistrate judge also determined that Plaintiff failed to state claims against these Defendants in their individual capacities because he failed to satisfy the subjective component of

4

such a claim. In other words, Plaintiff's allegations do not show that these Defendants were subjectively aware of a risk of serious injury to Plaintiff that they recklessly ignored by delaying or denying his access to appropriate medical care. Plaintiff objects only to the dismissal of his claims against Defendant Boyd, a physician assistant.

Defendant Boyd's involvement in Plaintiff's medical care did not begin until Plaintiff was transferred from Buena Vista Correctional Facility to Colorado State Penitentiary in September 2019. (*See* ECF No. 12 at 8, ¶ 15.) In October 2019, she rescheduled Plaintiff for an MRI and informed him that Motrin was available from the canteen. (*Id.* at ¶¶ 16, 17.) After the MRI, she determined that Plaintiff might need an orthopedic referral. In December 2019, she diagnosed him with "[i]njury of unspecified muscle fascia tendon at wrist and hand level." (*Id.* at 9, ¶ 19.) Following an examination in April 2020, Defendant Boyd prescribed Plaintiff with Keppra, which he describes as a seizure medication with numerous side effects, including occasional loss of balance, changes in moods and behaviors, panic attacks, and depression. (*Id.* at ¶ 22.) The following month, she increased the dosage and encouraged its continued use even though she had been informed of its side effects. (*Id.* at 9-10, ¶ 23.) Despite a recommendation in March 2020 by an orthopedic specialist that Plaintiff should undergo surgery, the planned surgery was delayed through December 2020 due, at least in part, to the Covid-19 pandemic. (*Id.* at 10, ¶ 27.)

In response to the magistrate judge's determination that Plaintiff has alleged, at most, medical negligence by Defendant Boyd, Plaintiff argues that she bears some responsibility for the delay in treatment of his serious medical need because another inmate, who tore an ACL in June 2020, underwent surgery in January 2021, performed by the same surgeon who operated on Plaintiff's wrist two months later. In his Objections, Plaintiff asserts, inter alia, that Defendant

5

Boyd "placed the treatment/surgical need of a younger (caucasian) inmate ahead of [his] relying on COVID restrictions as an excuse." (ECF No. 60.) But the Court finds these allegations fall well short of establishing deliberate indifference by Defendant Boyd. They certainly do not establish that Plaintiff's medical treatment was delayed for non-medical reasons. Although the Court accepts the allegations in the Complaint as true at this stage of the case, these allegations are simply insufficient to raise a right to relief that is above the speculative level. The Court declines to speculate about how the CDOC prioritized medical procedures during the pandemic, the availability of staff, space, and materials for such procedures, the comparability of Plaintiff's injury with those of other inmates, or the means by which Defendant Boyd might have contributed to any delays with respect to Plaintiff's medical care. In short, Plaintiff's allegations, standing alone, do not demonstrate Defendant Boyd acted with deliberate indifference toward Plaintiff's medical needs.

Plaintiff's contention that the subjective component is satisfied by Defendant Boyd's prescribing Keppra is also unavailing. "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). The Eighth Amendment does not entitle prisoners the right to a particular course of treatment. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). Thus, the fact that Plaintiff disagrees with Defendant Boyd's decision to prescribe Keppra does not show she was deliberately indifferent under the circumstances here.

### B. Claims Against Defendant Williams

The magistrate judge determined that Defendant Williams was not entitled to dismissal of the claims against him in his official capacity seeking injunctive relief. Defendant Williams did

not object to the Recommendation, and the Court discerns no error with respect to this portion of the Recommendation. Accordingly, Plaintiff may proceed with these claims.

## IV.  CONCLUSION

The Court ORDERS as follows:

(1)  the Objections (ECF No. 60) are OVERRULED,

(2)  the Recommendation (ECF No. 53) is ACCEPTED, and

(3)  the Motions to Dismiss (ECF No. 21) is GRANTED IN PART and DENIED IN PART, as stated in the Recommendation and this Order.

DATED this 10th day of March, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge