IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00602-CNS-KLM

LARRY ALLEN THOMPSON,

    Plaintiff,

v.

DEAN WILLIAMS, in his official capacity,
HEATHER W. DAMON, in her individual and official capacities,
JOHN/JANE DOE, Medical Appt. Scheduler, in his/her individual and official capacities, and
JOHN/JANE DOE, CDOC Chief Medical Administrator, in his/her official capacity,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Dean Williams' ("Williams") **Motion to Dismiss Plaintiff's Amended Complaint (ECF #12) for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)** [#69][1] ("Williams' Motion") and on Defendant Heather W. Damon's ("Damon") **Motion to Dismiss Amended Complaint [ECF 12] for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#80] ("Damon's Motion") (collectively, the "Motions"). Plaintiff, who proceeds as a pro se litigant,[2] filed a

---

[1] "[#69]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of pro se litigant. *See Haines v. Kerner*,

–1–

Response [#82] (essentially incorporating his prior Response [#61] to Defendant Damon's prior Motion to Dismiss [#47]) in opposition to Damon's Motion [#80]), and Defendant Damon filed a Reply [#83].  Plaintiff did not file a response to Williams' Motion [#69], despite the Court sua sponte extending the deadline for Plaintiff to do so.  *Order* [#74].  That extended deadline, July 18, 2022, has long passed.

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1(c), the Motions [#69, #80] have been referred to the undersigned for a recommendation regarding disposition.  *See* [#70, #81].  The Court has reviewed the briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Court **RECOMMENDS** that the Motions [#69, #80] be **GRANTED**.

## I.  Background[3]

At all times relevant to this lawsuit, Plaintiff has been incarcerated with the Colorado Department of Corrections ("CDOC").  On April 6, 2019, Plaintiff injured his left wrist while playing handball.  *Am. Compl.* [#12] at 6.  "[I]t was a non-contact injury which presented no signs of trauma (bruising/swelling)."  *Id.* On April 9, 2019, Plaintiff submitted a kite for medical care "due to decreased motor function and the

---

404 U.S. 519, 520-21 (1972).  In doing so, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (*citing Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  In addition, a pro se litigant must follow the same procedural rules that govern other litigants.  *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[3] All well-pled facts from the Amended Complaint [#12] are accepted as true and viewed in the light most favorable to Plaintiff as the nonmovant.  *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

persistent/increasing pain of the left wrist and hand." *Id.* at 7.  For some unknown reason, the request for medical assistance was not received by the facility's dispensary and forwarded to a medical provider until May 9, 2019.  *Id.*

On May 17, 2019, Charles Kudlauskas, a physician's assistant and former Defendant in this case, examined Plaintiff, ordered an X-ray, and prescribed Tylenol and Motrin for pain management for five days.  *Id.*  The X-ray was taken on May 22, 2019, and was sent to Rocky Mountain Radiologist, P.C., in Denver, Colorado, where Plaintiff was diagnosed with "[m]ild degenerative arthritis of the first [carpometacarpal] joint."  *Id.*

On June 10, 2019, Defendant Damon performed a chart review in response to Plaintiff's repeated requests for information regarding the X-ray results.  *Id.*  Defendant Damon stated: "I have reviewed left wrist x-ray which shows mild degenerative arthritis. Range of motion exercises can help reduce pain in wrist. . . . [P]lease kite nursing via sick call to join the pain management program. . . ."  *Id.*  Defendant Damon did not physically examine Plaintiff.  *Id.*

On May 17, June 16, and August 17, 2020, Kathleen Boyd ("Boyd"), a medical provider and former Defendant in this case, contacted Linda Paro, CDOC's off-site medical appointment scheduler and another former Defendant in this case.  *Id.*  After the last contact, Ms. Boyd noted that wrist surgery had been scheduled for Plaintiff but then postponed.  *Id.*  On October 19, 2020, Ms. Boyd told Plaintiff that his surgery was still pending, and on December 21, 2020, she noted that the "COVID epidemic has delayed planned surgery."  *Id.*  Plaintiff asserts that during this period other inmates were receiving surgeries.  *Id.*

Plaintiff brought this § 1983 action contending that the conduct and/or inaction of Defendant Dean Williams, Executive Director of CDOC, in his official capacity, and Defendant Damon, in her official and individual capacities, constitutes deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment of the United States Constitution. *Id.* at 6. Plaintiff seeks injunctive relief from Defendant Williams and damages from Defendant Damon. *Id.* at 3-4, 15-16. In the present Motions [#69, #80], Defendants Williams and Damon contend that Plaintiff's claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Alternatively, Defendant Williams seeks judgment on the pleadings in his favor pursuant to Fed. R. Civ. P. 12(c).

## II.   Standard of Review

### A.   Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) concerns whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: a facial attack or a factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint

as true. *Id.* By contrast, with a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* at 1003. When reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987)).

**B.     Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 17 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead

sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.4d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not shown[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

**A.    Eleventh Amendment Immunity**

    **1.    Defendant Damon**

The Court first addresses Plaintiff's claim against Defendant Damon in her official capacity for damages. *See Am. Compl.* [#12] at 4, 16. Plaintiff alleges that Defendant Damon is employed by the CDOC as a physician's assistant. *Id.* at 4. For the reasons explained below, the Court finds that Defendant Damon is protected by Eleventh

Amendment immunity to the extent Plaintiff seeks damages against her in her official capacity.[4]

The Eleventh Amendment provides that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Courts interpret the Eleventh Amendment to prohibit a citizen from filing suit against a state in federal court. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). A claim against a public official acting in her official capacity is treated like a claim against the state and is barred by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). To the extent Plaintiff seeks money damages against Defendant Damon in her official capacity, she is immune from such damages claims under the Eleventh Amendment. *Id.*; *see, e.g.*, *Wauford v. Richardson*, 450 F. App'x 698, 699 (10th Cir. 2011).

Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim against Defendant Damon in her official capacity be **dismissed without prejudice**. *See Wauford*, 450 F. App'x at 699 (stating that claims barred by the Eleventh Amendment should be dismissed without prejudice).

### 2. Defendant Williams

Defendant Williams argues pursuant to Fed. R. Civ. P. 12(b)(1) that the Court lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief against him because

---

[4] As noted, Plaintiff does not seek any injunctive relief against Defendant Damon. *See Am. Compl.* [#12] at 15-16.

the claim is barred by Eleventh Amendment sovereign immunity. *Motion* [#69] at 6-10. "It is well established that under the Eleventh Amendment, sovereign immunity prohibits federal courts from entertaining suits against states brought by their own citizens or citizens of another state without their consent." *Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 780 (10th Cir. 2008) (citation omitted). The Eleventh Amendment's protections extend "to state agencies functioning as an arm of the state." *Id*. (citation omitted). Further, "[s]uits against state officials in their official capacity should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Graham*, 473 U.S. at 166); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983). Eleventh Amendment immunity may be waived, by an Act of Congress, or by a state, "through a clear expression of its intent to waive." *Id.* at 780-81. 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity, and Defendant Williams has not waived his immunity. *See id.* at 781 (citations omitted); *Motion* [#69] at 7.

Pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of Colorado against the State of Colorado, its agencies, or its officials in their official capacities for money damages or injunctive relief for prior acts. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir.1995); *see also Hunt*, 271 F. App'x at 781. However, the doctrine of sovereign immunity does not bar "a suit brought in federal court seeking to prospectively enjoin a state official from violating federal law." *Johns*, 57 F.3d at 1552 (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1980)). Therefore, Plaintiff may sue Defendant Williams in his official capacity only for

–8–

prospective injunctive relief, not for money damages or injunctive relief for prior acts. *Johns*, 57 F.3d at 1552; *see Hunt*, 271 F. App'x at 781.

When subject matter jurisdiction is at issue, the Court has discretion to consider evidence outside of the pleadings to resolve any factual dispute over whether Plaintiff suffers an ongoing violation.  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Here, Defendant Williams provides evidence in the form of a medical record that Plaintiff received surgery on his left wrist on March 23, 2021, specifically "[l]eft wrist arthromy with radial styloidectomy and limited synovectomy" and "[l]eft wrist posterior interosseous neurectomy."  *Def.'s Ex. A* [#69-1].  Defendant Williams also provides the Declaration of Dr. Randolph Maul [#69-2], who is the Chief Medical Officer for CDOC, confirming Plaintiff's left wrist surgery on March 23, 2021.  Plaintiff's Amended Complaint [#12] was filed on May 10, 2021, and does not make clear that he received the wrist surgery that seems to have been a primary issue in his original Complaint [#1], but there are no allegations therein to the contrary.

The first two injunctions Plaintiff seeks are as follows:

1) By a Permanent Injunctive ORDER of the Court, the Executive Director of the Colorado Dept. of Corrections be Mandated to create, staff, and continually operate an "Infirmary Facility" with qualified medical professionals (i.e., Doctors, Dentists, Orthopedic Specialist/Surgeons etc. . .), wherein any, and all Off-Site medical testing & procedures such as MRI's, Emergency/Mandatory/and or Elective Corrective Surgeries can be performed without unnecessary delay due to equipment and/or physician availability;

2) By Permanent Injunctive ORDER of the Court, the Executive Director and the CDOC Chief Medical Administrator be Mandated to ensure that every prison facility in the State of Colorado is staffed on a daily basis with at least one (1) Medical Doctor (General Practitioner) with oversight & supervisory authority to directly

>   oversee the patient treatment and care given to prisoners by the Licensed Nurse Practitioners (LNP), Registered Nurses (RN), and Physician's Assistants (PA); Medical Doctors who can properly diagnose ailments from injuries, and can prescribe effective/adequate medications & treatments for both.

*Am. Compl.* [#12] at 15-16.

"[A] court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" to determine whether the *Ex parte Young* exception to sovereign immunity is applicable. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quotation and alteration omitted) (emphasis added). Here, given that the undisputed evidence before the Court is that Plaintiff has had the wrist surgery on which he initially based his lawsuit, and given that there are no allegations that Plaintiff is in need of specific, future related medical care that he is not receiving, such that he is experiencing an ongoing alleged violation of federal law, the Court can only characterize his first two requests for injunctive relief as improperly seeking injunctive relief for prior acts. *See Johns*, 57 F.3d at 1552. As such, they are barred by the Eleventh Amendment. *See id.*[5]

The third form of injunctive relief requested by Plaintiff is as follows:

3) By Permanent Injunctive ORDER of the Court, the Executive Director of the CDOC issue a directive that Plaintiff, who is serving a lifetime sentence, is to be precluded

---

[5] Although Plaintiff does not explicitly claim to sue on behalf of other inmates, his first two requests for injunctive relief could be so construed. *Am. Compl.* [#12] at 15-16. The Tenth Circuit has stated: "[T]o the extent a complaint concerns 'inmates' rather than the plaintiff himself, it is dismissible for failure to allege the plaintiff's standing to proceed." *Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir.1990) (citing *Foremaster v. City of St. George*, 882 F.2d 1485, 1487 (10th Cir. 1989)). Even if Plaintiff were asserting violations of the constitutional rights of other inmates, the Court notes that Plaintiff has made no demonstration of standing to proceed on behalf of other inmates.

> from any further and/or future manually laborious work activities which could and would exacerbate the permanent injury & disability of his left hand (i.e., kitchen, laundry, landscaping/yard work etc. . . .

*Am. Compl.* [#12] at 16. Although this relief could properly be characterized as prospective, there is no indication in the Amended Complaint [#12] that Plaintiff is alleging an ongoing violation of federal law here. *See Verizon Md., Inc.*, 535 U.S. at 645. In other words, there are no allegations that he is currently being or expects to be required to perform manual labor that would unconstitutionally exacerbate his left wrist, post-surgery. In the absence of such allegations, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply, and the Court finds that it lacks subject matter jurisdiction to adjudicate Plaintiff's third request for injunctive relief.

Accordingly, the Court **recommends** that Defendant Williams' Motion [#69] be **granted** and that Plaintiff's claims against him be **dismissed without prejudice** for lack of subject matter jurisdiction. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004) ("In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice.").

**C.    Defendant John/Jane Doe, CDOC Chief Medical Administrator**

A federal district court may raise the objection that it lacks jurisdiction on its own initiative, at any stage of the litigation. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988) (stating the issue of subject matter jurisdiction may be raised sua sponte by the court at any time during the course of the proceedings).

–11–

Here, the only relief requested against Defendant John/Jane Doe, CDOC Chief Medical Administrator, who is sued in his or her official capacity only,[6] *see Am. Compl.* [#12] at 6, is Plaintiff's second request for injunctive relief, quoted in Section III.B. above. For the same reasons stated in connection with Defendant Williams, the Court finds that Defendant John/Jane Doe, CDOC Chief Medical Administrator, is entitled to Eleventh Amendment sovereign immunity given that the *Ex parte Young* exception does not apply.

Accordingly, the Court **recommends** that Plaintiff's claim against Defendant John/Jane Doe, CDOC Chief Medical Administrator, be **dismissed without prejudice** for lack of subject matter jurisdiction. *See Albert*, 356 F.3d at 1249.

**B.    Eighth Amendment**

Plaintiff asserts that Defendant Damon, in her individual capacity, was deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment. *Am. Compl.* [#12] at 4, 7, 11.

Because inmates "must rely on prison authorities to treat [their] medical needs," the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (quoting *Gregg v.*

---

[6] Although on page 5 of the Amended Complaint [#12] Plaintiff states in the "Defendant(s) Information" section that Defendant John/Jane Doe, CDOC Chief Medical Administrator is being sued in his/her individual and official capacities, he clearly states on page 6 in the "Statement of Claim(s)" section that "Defendant Williams and the Chief Medical Administrator(s) are being sued in their **Official Capacities** for **Injunctive relief ONLY**." (emphasis in original). He also includes a statement there as to *why* he is suing them in their official capacities for injunctive relief only. *Am. Compl.* [#12] at 6. Thus, Plaintiff's statement on the previous page stating that he was suing Defendant John/Jane Doe, CDOC Chief Medical Administrator, in his/her individual capacity as well appears to have been a mere drafting error.

*Georgia*, 428 U.S. 153, 173 (1976)). The test for deliberate indifference is both objective and subjective, in that a detainee must establish that: (1) he was deprived of a medical need that is, objectively, "sufficiently serious," and (2) that the defendant subjectively knew of and disregarded "an excessive risk to [the detainee's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

With respect to the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Further, the "symptoms displayed are relevant . . . to the subjective component of the test: were the symptoms such that a prison employee knew the [specific] risk to the prisoner and chose (recklessly) to disregard it?" *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005). "Significantly, this level of intent can be demonstrated through circumstantial evidence." *Id.* at 752. "A factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Thus, in this case, Plaintiff must adequately allege that Defendant Damon knew of and disregarded a substantial risk of serious injury to Plaintiff.

In *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006), the Tenth Circuit explained that it "recognize[s] two types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition." The pertinent question here is whether Defendant Damon was subjectively

aware of a risk of serious injury to Plaintiff and recklessly ignored it by delaying or denying his access to appropriate medical care. *See, e.g.*, *Kellum v. Mares*, 657 F. App'x 763, 770 (10th Cir. 2016) (explaining that a deliberate indifference claim was stated where the "specific medical symptoms and vital signs presented to [the defendant] . . . indicated a need for further assessment, testing, diagnosis, and emergency medical treatment").

The Court finds that Plaintiff has failed to provide sufficient allegations to show that Defendant Damon was subjectively aware of a risk of serious injury to Plaintiff and recklessly ignored it by delaying or denying his access to appropriate medical care. *See Kellum*, 657 F. App'x at 770. In short, as alleged by Plaintiff, Defendant Damon performed a "Chart Review" in response to Plaintiff's request for information regarding his prior x-ray results. *Am. Compl.* [#12] at 7. She determined that the x-ray showed mild degenerative arthritis, and she told Plaintiff that range-of-motion exercises could help reduce any pain he was experiencing and that he should "kite nursing via sick call to join the pain management program." *Id.* "[W]here a doctor merely exercises [her] considered medical judgment," the subjective component of the Eighth Amendment analysis is not satisfied. *Self*, 439 F.3d at 1232. "Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." *Id.* In *Alloway v. Wackenhut Correctional Facility*, the Tenth Circuit Court of Appeals stated that, "when a prisoner does in fact receive medical care, he has no Eighth Amendment claim based merely on his disagreement with the nature of the diagnosis." 15 F. App'x 743, 744 (10th Cir. 2001) (citing *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992)). Under the

circumstances alleged by Plaintiff, the Court finds that his claim amounts to a difference of opinion or, at most, medical negligence. *Alloway*, 15 F. App'x at 744.

Even viewing the operative complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to allege specific facts showing that Defendant Damon was subjectively aware of a significant risk to Plaintiff's health such that her actions or inactions amounted to deliberate indifference in violation of the Eighth Amendment. Accordingly, the Court **recommends** that Defendant Damon's Motion [#80] should be **granted** to the extent that Plaintiff's Eighth Amendment claim against her in her individual capacity be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 12(b)(6). *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (holding that prejudice should attach to a dismissal when the plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues.").

## IV.   Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motions [#69, #80] be **GRANTED**, that the claims against Defendant Williams and Defendant John/Jane Doe, CDOC Chief Medical Administrator, be **DISMISSED without prejudice**, and the claim against Defendant Damon be **DISMISSED without prejudice in part and DISMISSED with prejudice in part**, as outlined above.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: December 12, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge